Richard J. McCord, Esq.
Robert D. Nosek, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to Michael O'Sullivan
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000
Fax: (516) 296-7111

**Hearing Date:** October 4, 2018
**Time:** 10:00 a.m.
**Objections:** September 27, 2018
**Time:** 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

HAMPTON DREAM PROPERTIES, LLC.,

                         Debtor.
-----------------------------------------------------------x

Chapter 7
Case No.: 18-74000-las

## MOTION OF MICHAEL O'SULLIVAN TO DISMISS CHAPTER 7 CASE

TO:    THE HONORABLE LOUIS A. SCARCELLA
         UNITED STATES BANKRUPTCY JUDGE

Michael O'Sullivan ("O'Sullivan"), a party in interest herein, by and through his counsel, Certilman Balin Adler & Hyman, LLP, seeking an order pursuant to 11 U.S.C. §§ 105(a) and 707(a) and Federal Rule of Bankruptcy Procedure 1017, dismissing the pending chapter 7 case of Hampton Dream Properties, LLC (the "Debtor"), the above-captioned debtor, and respectfully represents as follows:

### BACKGROUND

1.    On June 12, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code.

2.    On the Petition Date, Allan B. Mendelsohn (the "Trustee") was appointed as the chapter 7 trustee of the Debtor's estate.

3. By order entered July 5, 2018 [ECF Doc. No. 13], Rosen, Kantrow & Dillon, PLLC was retained by the Trustee as his counsel for the Debtor's case.

4. Michael O'Sullivan is the sole member and managing member of the Debtor. *See* Dec. of Michael O'Sullivan (hereinafter, the "O'Sullivan Declaration") ¶ 1.

5. The Debtor owns four parcels of real property (collectively, the "Real Property"). *See* Schedule A/B, ECF Doc. No. 11. Those properties are subject to a separate mortgage for each property (*see* Schedule D, ECF Doc. No. 11), each of which were already recorded against the related parcel at the time the Debtor acquired title to each property.

6. Other than the Real Property and $1,000 in a bank account, the Debtor had no other assets as of the Petition Date. *See* Schedule A/B.

7. The Debtor was previously a debtor under chapter 11 of the Bankruptcy Code (*see* Bankr. E.D.N.Y. Case No. 17-76188-las), which case was voluntarily dismissed on January 31, 2018, after notice and a hearing, because the Debtor was unable to negotiate with any of the holders of the mortgages against the real property and, thus, unable to propose a confirmable plan.

8. Each parcel of Real Property is the subject of separate foreclosure actions by the relevant mortgage holder, but with appeals pending. Other companies in which Mr. O'Sullivan has been involved with have been recently successful on appeal resulting in a vacating of underlying judgments of foreclosure. *See* O'Sullivan Dec. ¶ 7. The grounds of the appeals involving the Debtor's properties are substantially similar to the grounds on which he has previously prevailed. *Id.* Thus, Mr. O'Sullivan believed that

this filing would permit the Debtor additional time for its appeals to be resolved, thereby resulting in vacating each judgment of foreclosure. *Id.*

9. Mr. O'Sullivan believes, in hindsight, that this chapter 7 filing was ill-advised, and that he did not have a full understanding of the process involved with a chapter 7 filing. *Id.* at ¶ 8. His current understanding is also that the secured creditors are not really creditors of the Debtor because the Debtor is not an obligor or guarantor under any of the mortgages. *Id.*

10. Moreover, because this is a corporate chapter 7 case, the Debtor will not receive a discharge of any of its debts. *See* 11 U.S.C. § 727(a)(1) ("The court shall grant the debtor a discharge, unless [ ] the debtor is not an individual[.]"). Any liens that attach to the properties owned by the Debtor survive the closing of this case. Cf. *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed. 2d 66 (1991) ("Creditor's right to foreclose on the mortgage survives or passes through the bankruptcy."). Finally, as the Debtor has no creditors, if any of the properties were to be sold by the Trustee, which upon information and belief would require the consent of the secured creditor, the secured creditor holding a claim against that property would be the only party to benefit from such sale.

11. Accordingly, because the Debtor's filing will not end up resulting in any benefit to creditors, Mr. O'Sullivan respectfully requests that the case be dismissed.

12. There would be no prejudice to the mortgage holders because the automatic stay currently in place under § 362(a) of the Bankruptcy Code would expire upon dismissal. *See* 11 U.S.C. § 362(c)(2)(B) ("[T]he stay of any other act under

subsection (a) of this section continues until the earliest of . . . the time the case is dismissed [.]").

13. Mr. O'Sullivan is willing to pay for the costs that have been incurred by the Trustee and his retained professionals to date in this case while this case has been pending.

14. Notice of this Motion and the hearing thereon will be provided to all parties in interest in this case, including the Office of the United States Trustee and all parties holding a mortgage on the Real Property. The Debtor submits that no other or further notice is necessary.

15. No application for the relief requested herein has been made to this or any other Court, except as otherwise described above.

**WHEREFORE**, Mr. O'Sullivan respectfully requests that this Court enter an order dismissing this case and provide such other and further relief as is just and proper.

Dated: East Meadow, New York
       August 22, 2018

          **CERTILMAN BALIN ADLER & HYMAN, LLP**
          Counsel to Michael O'Sullivan

       By:    /s/ Richard J. McCord
              **RICHARD J. MCCORD, ESQ**
              90 Merrick Avenue
              East Meadow, New York 11554
              (516) 296-7000